IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| ALLEN JOHN FALBY, #815366 | § | |
| VS. | § | CIVIL ACTION NO. 4:15cv200 |
| DIRECTOR, TDCJ-CID | § | |

## ORDER OF DISMISSAL

Petitioner Allen John Falby, previously a prisoner confined in the Texas prison system, proceeding *pro se*, filed the above-styled and numbered petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The cause of action was referred to United States Magistrate Judge Christine A. Nowak, who issued a Report and Recommendation concluding that the petition should be dismissed as time-barred. Petitioner has filed objections.

Petitioner was in the custody of the Texas prison system at the time the petition was filed. He was subsequently released. He was in custody pursuant to a 1997 Denton County conviction for the offense of indecency with a child. He was released on mandatory supervision on February 18, 2005. The present petition concerns the revocation of his mandatory supervision on November 7, 2012. In particular, Petitioner challenges the decision denying him credit for six years, three months and ten days of "street time" he accumulated while released on mandatory supervision. The Magistrate Judge determined that the present petition was due no later than November 9, 2013, but it was not filed until March 10, 2015.

In his objections, Petitioner disputes the finding that his response to the Director's motion to dismiss was not filed by the deadline of August 10, 2015. The record in this case reveals that the Report and Recommendation was filed on August 18, 2015. At the time the Report and Recommendation was prepared, Petitioner's response to the motion to dismiss had not been entered into the record of this case. The response had actually been received by the Court on August 12, 2015, but it was not entered until August 18, 2015. Petitioner is correct in his assertion that he

1

actually filed a response to the motion to dismiss. Thus the dispositive issue in this case is whether his petition is time-barred.

Petitioner argues that his petition should not be dismissed as time-barred because he never received a notice from the prison system denying his time dispute resolution ("TDR") and because of his mental incompetency. His arguments are a plea for equitable tolling. The Supreme Court clearly and unequivocally held that the AEDPA's statute of limitations may be tolled for equitable reasons. *Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing. *Id.* at 649. Petitioner's arguments for equitable tolling do not satisfy either requirement. He did not pursue his rights diligently. More specifically, he waited more than a year after his TDR was denied to file an application for a writ of habeas corpus in state court. He subsequently waited ten months to file the present petition after the Texas Court of CriminalAppeals denied his state application. Furthermore, he has not shown that some extraordinary circumstances stood in his way and prevented timely filing. The fact that he was regularly transferred from one prison unit to another and did not receive the results of the TDR is not an extraordinary circumstance. Perhaps this argument would deserve greater consideration if he had been diligent in pursuing his rights, but he failed to show due diligence. Mental incompetency likewise is not an extraordinary circumstance. Overall, Petitioner has not shown that he is entitled to equitable tolling. The Magistrate Judge appropriately concluded that the petition should be dismissed as time-barred.

The Report of the Magistrate Judge, which contains her proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by Petitioner to the Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and Petitioner's objections are without merit other than the objection that he timely filed a response to the motion to dismiss. Therefore the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court. It is accordingly

**ORDERED** that the petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 is **DENIED** and the case is **DISMISSED** with prejudice. A certificate of appealability is **DENIED**. All other motions not previously ruled on are hereby **DENIED**.

**SIGNED this 28th day of September, 2015.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE